UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00260-HDM-PAL |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CHARLES COOPER, JR., | |
| Defendant. | |

The defendant has filed an "Emergency Motion to Consider Release in Order to Attend Funeral Services." (ECF No. 75). Both the government and probation oppose. (*See* ECF No. 77). The court is compelled to enter this order without the benefit of a reply due to the timing of the motion and the relief sought.

Pursuant to 18 U.S.C. § 3142(i), the court may "permit the temporary release of" the defendant to the extent the court "determines such release to be necessary for preparation of the person's defense or for another compelling reason." In considering a motion for temporary release, the court should examine "the defendant's dangerousness and risk of flight." *United States v. Williams*, 2020 WL 4431565, at *2 (W.D. Pa. July 31, 2020); *see also United States v. Navarro*, 2020 WL 5877816, at *2 (D. Nev. Oct. 2, 2020). In seeking temporary release from custody, the defendant bears the burden of showing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6); *see also Williams*, 2020 WL 4431565, at *2 (W.D. Pa. July 31, 2020).

1

In ordering that the defendant be detained pending his final revocation hearing, the magistrate judge found that the defendant posed both a flight risk and a danger to the community. The court agrees, and nothing in the instant motion persuades the court to conclude otherwise.

The defendant's criminal history includes felony convictions for conspiracy to commit robbery and assault with a deadly weapon, multiple arrests, charges and juvenile adjudications, and numerous instances of violence. The latter include a domestic battery the defendant committed on the mother of his child just days after being released from custody in this case – conduct that included grabbing her by the neck, pushing her into a closet and slamming her onto a bed, as well as a threat to kill her and everyone in the house at the time. A warrant remains outstanding in connection with this assault. The defendant has also repeatedly demonstrated his unwillingness to comply with supervision or report when directed, as demonstrated by both his first and the pending revocation proceedings. And the defendant has actively avoided facing the consequences for his failure to comply. Before the warrant in the pending revocation proceedings was issued, the probation officer twice directed the defendant to report to the Probation Office in connection with the domestic battery allegations. The defendant failed to appear either time. He effectively absconded and then remained a fugitive from this court's warrant for six months before he was apprehended during a traffic stop. Even then, during the stop, the defendant continued his attempts to evade justice by lying about his identity.

These factors all suggest that the defendant is a danger to the community and a significant flight risk. The defendant has otherwise failed to give adequate assurances that he is not a flight risk or danger to the community. Further, the safety protocols and logistics of his release plan have not been approved by probation and are complicated by the ongoing COVID-19 epidemic.

The defendant's conduct compels the conclusion that he has failed to meet his burden of establishing by clear and convincing evidence that he does not pose a risk of flight or danger to the community.  As such, the motion for temporary release (ECF No. 75) must be, and hereby is, DENIED.

IT IS SO ORDERED.

DATED: This 5th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE

3